SILLS CUMMIS EPSTEIN & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973)643-7000
Attorneys for Defendants

| | |
|---|---|
| JACQUETTA DAVIS, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| v. | Civil Docket No.:  06-4528 (FSH) |
| THE NEWARK PUBLIC SCHOOLS and its OFFICERS and/or EMPLOYEES, MARION A. BOLDEN, DR. GLENDA JOHNSON-GREEN, DR. GARNELL BAILEY, EUGENE BROWN, JOHN DOE 1-10 and JANE DOE 1-10, Individually, Jointly, Severally and/or Alternatively, | **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |
| Defendants. | |

The defendants, the Newark Public Schools, Marion A. Bolden, Dr. Glenda Johnson-Green, and Eugene Brown (collectively hereinafter referred to a the "Newark Defendants") by and through their attorneys, Sills Cummis Epstein & Gross P.C., by way of Answer to the Complaint, do hereby say:

FIRST COUNT
(Law Against Discrimination)

1.      The Newark Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.      The Newark Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      The Newark Defendants admit the allegations contained in Paragraph 3 of the Complaint in so far as Defendants Bolden and Johnson-Green are currently the District Superintendent and Assistant Superintendent SLTIII, respectively, with the Newark Public Schools, however, the Newark Defendants deny that Defendants Bolden and Johnson-Green were employed in these positions at all times covering the allegations in the Complaint.

4.      The Newark Defendants admit the allegations contained in Paragraph 4 of the Complaint, except clarify that Plaintiff was hired as a Provisional Elementary School Teacher.

5.      The Newark Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      The Newark Defendants neither admit nor deny the allegations contained in Paragraph 6 of the Complaint and leave Plaintiff to her proofs

7.      The Newark Defendants admit Plaintiff generally received satisfactory rating on her performance reviews, however, areas that needed improvement were also noted on these reviews.

8.      The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 8 of the Complaint and leave Plaintiff to her proofs.

9.      The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 9 of the Complaint and leave Plaintiff to her proofs.

10.     The Newark Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 11 of the Complaint and leave Plaintiff to her proofs.

12.     The Newark Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 13 of the Complaint and leave Plaintiff to her proofs.

14.     The Newark Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     The Newark Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 16 of the Complaint and leave Plaintiff to her proofs.

17.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 17 of the Complaint and leave Plaintiff to her proofs.

18.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 18 of the Complaint and leave Plaintiff to her proofs.

19.     The Newark Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 20 of the Complaint and leave Plaintiff to her proofs.

21.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 21 of the Complaint and leave Plaintiff to her proofs.

22.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 22 of the Complaint and leave Plaintiff to her proofs.

23.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 23 of the Complaint and leave Plaintiff to her proofs.

24.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 24 of the Complaint and leave Plaintiff to her proofs.

25.     The Newark Defendants admit the allegations contained in Paragraph 25 of the Complaint in as far as Plaintiff requested a reasonable accommodation due to  a deterioration of her health in a letter to Defendant Brown dated November 22, 2004, however, the Newark Defendants deny the remainder of the allegations contained in Paragraph 25 of the Complaint.

26.     The Newark Defendants neither admit nor deny the allegations contained in Paragraph 26 of the Complaint and leave Plaintiff to her proofs.

27.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 27 of the Complaint and leave Plaintiff to her proofs.

28.     The Newark Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 29 of the Complaint and leave Plaintiff to her proofs.

30.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 30 of the Complaint and leave Plaintiff to her proofs.

31.     The Newark Defendants neither admit nor deny the allegations contained in Paragraph 31 of the Complaint and leave Plaintiff to her proofs.

32.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 32 of the Complaint and leave Plaintiff to her proofs, however, the Newark Defendants state that Plaintiff provided a note from her physician, and deny that the note indicated that Plaintiff's return to work was prohibited.

33.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 33 of the Complaint and leave Plaintiff to her proofs, however, the Newark Defendants state that Plaintiff provided a note from her physician.

34.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 34 of the Complaint and leave Plaintiff to her proofs.

35.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 35 of the Complaint and leave Plaintiff to her proofs.

36.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 36 of the Complaint and leave Plaintiff to her proofs.

37.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 37 of the Complaint and leave Plaintiff to her proofs.

38.     The Newark Defendants are without sufficient information, knowledge or belief to answer the allegations contained in Paragraph 38 of the Complaint and leave Plaintiff to her proofs.

39.     The Newark Defendants admit the allegations contained in Paragraph 39 of the Complaint.

40.     The Newark Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41.     The Newark Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     The Newark Defendants admit the allegations contained in Paragraph 42 of the Complaint that Plaintiff was reassigned to Belmont Runyon School, however, deny the remaining allegations contained in Paragraph 42 of the Complaint.

43.     The Newark Defendants deny the allegations contained in Paragraph 43 of the Complaint.

WHEREFORE, the Newark Defendants request judgment dismissing the Complaint against them with prejudice, together with their attorneys' fees and costs of suit.

SECOND COUNT
(Failure to Accommodate)

1.     The Newark Defendants repeat and re-allege each and every answer set forth above and incorporates the same by reference as if fully set forth as herein.

2.     The Newark Defendants admit the allegations contained in Paragraph 2 of the Complaint in as far as Plaintiff requested an accommodation, however, the Newark Defendants deny the remainder of the allegations contained in Paragraph 2 of the Complaint.

3.     The Newark Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.     The Newark Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.     The Newark Defendants neither admit nor deny the allegations contained in Paragraph 5 of the Complaint and leave Plaintiff to her proofs.

6.     The Newark Defendants neither admit nor deny the allegations contained in Paragraph 6 of the Complaint and leave Plaintiff to her proofs.

7.      The Newark Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      The Newark Defendants deny the allegations contained in Paragraph 8 of the Complaint.

WHEREFORE, the Newark Defendants request judgment dismissing the Complaint against them with prejudice, together with their attorneys' fees and costs of suit.

### THIRD COUNT
(Infliction of Emotional Distress)

1.      The Newark Defendants repeat and re-allege each and every answer set forth above and incorporates the same by reference as if fully set forth as herein.

2.      The Newark Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      The Newark Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.      The Newark Defendants deny the allegations contained in Paragraph 4 of the Complaint

WHEREFORE, the Newark Defendants request judgment dismissing the Complaint against them with prejudice, together with their attorneys' fees and costs of suit.

<u>FOURTH COUNT</u>
(Negligent Hiring)

1.     The Newark Defendants repeat and re-allege each and every answer set forth above and incorporates the same by reference as if fully set forth as herein.

2.     The Newark Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.     The Newark Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.     The Newark Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.     The Newark Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.     The Newark Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.     The Newark Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.     The Newark Defendants deny the allegations contained in Paragraph 8 of the Complaint.

WHEREFORE, the Newark Defendants request judgment dismissing the Complaint against them with prejudice, together with their attorneys' fees and costs of suit.

## FIFTH COUNT
### (Negligent Supervision)

1.      The Newark Defendants repeat and re-allege each and every answer set forth above and incorporates the same by reference as if fully set forth as herein.

2.      The Newark Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      The Newark Defendants deny the allegations contained in Paragraph 3 of the Complaint.

WHEREFORE, the Newark Defendants request judgment dismissing the Complaint against them with prejudice, together with their attorneys' fees and costs of suit.

## SIXTH COUNT
### (Good Faith and Fair Dealing)

1.      The Newark Defendants repeat and re-allege each and every answer set forth above and incorporates the same by reference as if fully set forth as herein.

2.      The Newark Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint set forth legal conclusions and, therefore, no answer is required by the Newark Defendants.  To the extent that an answer is required, the Newark Defendant deny the allegations contained in Paragraph 3 of the Complaint.

4.      The Newark Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      The Newark Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      The Newark Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      The Newark Defendants deny the allegations contained in Paragraph 7 of the Complaint

WHEREFORE, the Newark Defendants request judgment dismissing the Complaint against them with prejudice, together with their attorneys' fees and costs of suit.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim are barred by the doctrine of New Jersey Charitable Immunity Act and/or the New Jersey Tort Claims Act.

THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted and Plaintiff's claims for punitive damages are barred by the New Jersey and/or United States Constitutions.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for her failure to exhaust administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

The Newark Defendants in no way discriminated against Plaintiff due her disability.

## SIXTH AFFIRMATIVE DEFENSE

The Newark Defendants in no way refused to accommodate Plaintiff's disability.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has received all benefits and accommodations to which she is entitled under the state and federal law.

## EIGHT AFFIRMATIVE DEFENSE

At all times relevant to the Complaint, the Newark Defendants conducted themselves in accordance with all applicable state and federal laws.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, or must be reduced, due to her failure to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

The Newark Defendants actions with regard to Plaintiff's employment were based upon legitimate, non-discriminatory factors.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

13

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are redundant or duplicative.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Newark Defendants reserve the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

WHEREFORE, the Newark Defendants request judgment dismissing the Complaint against them with prejudice, together with their attorneys' fees and costs of suit.

SILLS CUMMIS EPSTEIN & GROSS P.C.
Attorneys for Defendants


By:        /S/ CHERIE L. ADAMS
           CHERIE L. ADAMS (CLA-1162)
           cadams@sillscummis.com

Dated: October 10, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2006, the Newark Defendant's Answer and Affirmative Defenses to the Complaint and this Certificate of Service were filed with the Clerk of the Court in accordance with the District's Rules on Electronic Service.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

SILLS CUMMIS EPSTEIN & GROSS P.C.
Attorneys for Defendants

By:      /S/ CHERIE L. ADAMS
CHERIE L. ADAMS (CLA-1162)
cadams@sillscummis.com

Dated: October 10, 2006

15